## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

```
JOHN HADLEY FISHER and KENNETH  )
LYNN FUNKHOUSER,                )
                                )
              Plaintiffs,)
                                )
         v.                     )      No. CIV-05-266-S
                                )
OKLAHOMA DEPARTMENT OF          )
CORRECTIONS, et. al.,           )
                                )
              Defendants.)
```

### ORDER

Before the court for its consideration is the Defendants' Oklahoma Department of Corrections, Mike Mullin, Ken Yott, Bobby Boone, and Ron Ward's Motion to Dismiss/Motion for Summary Judgment and brief in support filed pursuant to Federal Rule of Civil Procedure 12 (b)(6). The court will treat the motion as one for summary judgment since it must consider items outside of the record.

On June 22, 2005, plaintiffs filed their original complaint in this court. On September 27, 2005, plaintiffs filed their amended complaint. On September 30, 2005, defendants filed a motion to stay proceedings and a request for an order requiring a special report. On November 8, 2005, an order was entered staying the proceedings and requiring a special report. On January 3, 2006, a special report was filed. On this same date, defendants filed a motion to dismiss/motion for summary judgment. In this motion, defendants argue all of plaintiffs' claims should be dismissed because defendants' acts did not violate plaintiffs' constitutional rights; that the prison's internal management

1

procedures do not confer any rights on petitioner Funkhouser; defendants did not violate plaintiff Funkhouser's right to equal protection; defendants are protected by qualified immunity; defendants are immune from suit for damages in their official capacities under the Eleventh Amendment; plaintiffs are without standing as there is no actual injury; and plaintiff Funkhouser has not been subjected to conditions of confinement which violated his constitutional rights in H unit.  The court has before it for consideration plaintiffs' complaint, amended complaint, the defendants' motion to dismiss/motion for summary judgment, and a special report prepared by the Oklahoma Department of Corrections ("DOC") at the direction of the court, in accordance with Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).

Plaintiffs, appearing pro se, are inmates of the Oklahoma Department of Corrections ("DOC") and are incarcerated in the Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma. Plaintiffs bring this action pursuant to 42 U.S.C. Sec. 1983 alleging in an amended complaint that defendants have violated their constitutional rights.  Plaintiff Fisher alleges that letters sent by him to a female prison employee were circulated among inmates at OSP and that unidentified persons are "attempting to orchestrate plaintiffs' collective murders by others prisoners."  Plaintiff Funkhouser claims that letters sent by him to a female prison employee were circulated among inmates at OSP and that unidentified persons are "attempting to orchestrate plaintiffs' collective murders by others prisoners." He also claims he was denied a transfer to which he was entitled. He further claims that he was housed on H unit and conditions were harsh.  Plaintiffs seek injunctive relief as well as actual/compensatory damages, punitive damages, nominal damages

2

and also that the "misconducts report as to Funkhouser from April 20, 1991 and December 17, 1985 be expunged and to mandate OSP H unit is not General Population that Funkhouser be transferred to an ODOC medium security facility."

## STANDARDS OF SUMMARY JUDGMENT

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 ©; See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it} carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"

3

Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the defendants' motion.

### Findings of Fact

The court finds the facts as follows. Plaintiffs are incarcerated at OSP and are serving sentences for Murder in the First Degree. Plaintiffs both wrote letters to staff member Wagoner. The letters were given to Warden Mullin by Wagoner. Wagoner was given copies while Warden Mullin kept the originals. The DOC has investigated plaintiffs' complaint and have not found that the letter of which plaintiffs speak was circulated. Plaintiffs are classified and imprisoned at a maximum security facility because of their levels of security risk.

### Arguments and Authorities

Plaintiff Fisher's only argument appears to be that defendants are "orchestrating" or in a conspiracy to plan his murder by other prisoners. Plaintiff has come forward with no evidence of a conspiracy. The only evidence plaintiff has of a conspiracy are his conclusory allegations. Plaintiff's conclusory allegations of conspiracy do not suffice. Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir. 1981). Accordingly,

4

defendants are granted summary judgment as to plaintiff Fisher.

Plaintiff Funkhouser contends his placement in the H unit, his classification and a decision not to transfer him to a medium security prison, were done as punishment. He claims that he is being discriminated against by being placed in the H unit. Defendants claim that plaintiff has been placed in the H unit because he is a security risk due to his past behavior and that the H unit is the appropriate place for him.

The law is clear plaintiff has no constitutional right to be housed in a certain facility or in a certain unit within a facility. "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S. 472, 478 (1995) (citing Meachum v. Fano, 427 U.S. 215, 224 (1976)). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montayne v. Haymes, 427 U.S. 236, 242 (1976). Prison officials must be able to classify and house prisoner as they see fit for institutional security purposes. "Internal security considerations are central to all other corrections goals within the institution." Pell v. Procunier, 417 U.S. 817, 823 (1974). "Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). Thus, "[I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated

5

their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." Pell, 417 U.S. at 827.

There is no evidence in the record that defendants' decision to classify plaintiff as a high security risk and place him in the H unit is exaggerated. The court will defer to defendants decision to place plaintiff in H unit for security reasons.

Plaintiff Funkhouser has also alleged that prison officials are violating his right to equal protection because they are treating him differently than they treat similarly situated inmates. In the absence of membership in a protected class or involvement of a fundamental right, the equal protection clause is violated only if the state has no rational basis for disparate treatment of similarly situated individuals. Riddle v. Mondragon, 83 F.3d 1197, 1207 (10th Cir. 1996). Plaintiff has not made any allegations that he is a member of a suspect class of persons. Since plaintiff is not a member of a protected class and his claim does not involve a fundamental right, the equal protection clause will only be violated if the state has no rational basis for disparate treatment of similarly situated individuals. Id. Defendant contends that plaintiff has been placed in the H unit because he is a security risk. The state has set forth a justification for treating plaintiff differently than other inmates. Plaintiff has not set forth any evidence to legitimately dispute this. Plaintiff has failed to establish the state has no rational basis for disparate treatment of similarly situated individuals. Accordingly, his claim for a violation of the Equal Protection Clause must also fail.

Plaintiff Funkhouser alleges that he was subjected to

various unpleasant conditions while housed in the H unit including the requirement that inmates be handcuffed, leg-shackled, and striped-searched when they leave the quad. He further complains that he was not allowed contact visits, contact with other inmates in the exercise yard, or jobs and program opportunities. He alleges these conditions caused him to be subjected to cruel and unusual punishment. Plaintiff has failed to establish an Eight Amendment violation. In order to hold prison officials liable for violating an inmate's right to humane conditions of confinement, the deprivation alleged must be objectively "sufficiently serious". Wilson v. Seiter, 501 U.S. 294, 298 (1991). It must deprive the inmate of "The minimal civilized measure of life's necessities." Id. There is absolutely no evidence in the record that the plaintiff Funkhouser's condition of confinement were cruel and unusual punishment. Defendants are granted summary judgment on plaintiff Funkhouser's claim for an Eighth Amendment violation.

Plaintiffs have also alleged emotional injury. However, the law is clear "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Although claims for mental and emotional distress can be brought pursuant to § 1983, § 1997e(e) provides that "such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms." Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 807 (10th Cir.1999) (quotations omitted). Plaintiffs cannot make this showing.

Accordingly the Defendants' Motion for Summary Judgment is hereby **GRANTED** and all other motions currently pending in this

matter are deemed **MOOT**.

**IT IS SO ORDERED** this 18th day of May, 2006.

_____
Frank H. Seay
United States District Judge
Eastern District of Oklahoma